Tucker, P.
The court is of opinion, that there is no error in the judgment.
If the object of the demurrer to the declaration was, to try the right of a foreign corporation to sue, that right is settled by the case of Bank of Marietta v. Pindall, 2 Rand. 465. in which my brother Cabell has, with his accustomed clearness, established the affirmative of the proposition, upon the soundest reason, even if it could have been doubted, since the case of Henriques v. Dutch, West India company, 2 Ld. Raym. 1532. where a judgment having been rendered for the company, it was, on a writ of error in parliament, assigned for error, that a foreign corporation could not sue; but the judgment was affirmed, thus affirming also the right to sue. 2 Bac. Abr. Corporations. E. 2. p. 12. There could be nothing then in this objection. If the object of the demurrer was to assert the necessity of presentment and demand at the bank of Alexandria, that objection is conclusively met by the fact, that the promissory note was not payable there, though it was negotiable there; Barrett v. Wills, 4 Leigh 114. If the defect for which the defendant demurred, was any want of form in pleading the acts of congress for the continuance of the corporate powers of the bank, two answers present themselves: 1. that it was not necessary to set forth in the declaration, how the company was incorporated, but it would have been sufficient for the plaintiffs, on the general, issue, to prove their incorporation; Grays v. Turnpike Company, 4 Rand. 578. following the long established principles of the english courts: 2. even if it had been necessary, the most that can be said is, that it has been informally pleaded; and upon the general demurrer here, the defendant could not take advantage of want of form. The fact of the incorporation, and the continuance of the charter, is substantially alleged.
Then as to the exceptions. It was moved to exclude the acts of congress as evidence; first, because they were not *476 duly authenticated. The evidence offered was a copy of the laws printed under the orders of congress, by the public printer, and distributed by law to the executives of the several states, for the purpose of distribution among the people. In England, the printed statute books have been at times admitted as evidence of public acts of parliament. Phil. Law of Ev. [307.]* So in Virginia, our printed statute book is evidence of the acts of the general assembly. The printed statute book of any government thus seems to be evidence of the statutes of that government. And who doubts it as to the laws of the U. ¡States ? Their printed statute book is every day referred to as evidence of the public acts of congress. It is received in all courts of the union, as evidence that cannot be controverted, of the statutes which it contains. Now, among those statutes are the .statutes relating to this bank of Alexandria. Even if they were private statutes (which I do not think they are), yet that would only prove that they must be pleaded, but it would Hot invalidate the evidence that they were passed. Of that, the proof is as complete, as of any act, however universal in its character. If, indeed, we could consider, as to this matter, the laws of congress for the district of Columbia, in the light of the statutes of another power, we should at least place them on the footing of the laws of our sister states. And we concur in the opinion expressed by the supreme court of Pennsylvania, that the laws of a sister state, printed by public authority, are admissible evidence without other authentication. Thompson v. Musser, 1 Dall. 462. 1 Stark. Law of Ev. part 2. p. 163. note 2.† Secondly, it was objected, that the act of congress having been misrecited as to date, was not admissible in evidence to prove the incorporation of the plaintiffs. As to this, without examining whether the case is precisely like those of Mowry v. Miller, 3 Leigh 561. and Arthur v. Crenshaw, 4 Leigh 394. it is sufficient to remark, that the whole of this recital is under a videlicet. The material and substantive part of the allegation is, that the char *477 ter of the bank of Alexandria was continued by certain acts of congress to that effect and for that purpose passed; and then there comes the videlicet, “ that is to say, the act of congress passed the 15th February 1811, entitled &c.” In Jackson v. Henderson, 3 Leigh 196. the declaration alleged a presentment for payment when the bill became due and payable, to wit, on the 27th December, which was the fourth day after the time appointed for payment of the bill; yet it was held the plaintiff might prove presentment on the third day. See also 7 Moore 266. and 1 Bing. 23. where exactness as to the day is held immaterial, as the date of presentation was statedi under a scilicit.
Lastly, it was designed, we suppose, by the demurrer to evidence, to present the question whether Thompson’s bond was not a discharge of the demand against Taylor. On this point too we are agreed, that as it was not proved that it was accepted as a satisfaction, or that it had been paid, it did not extinguish the demand against Taylor. Thompson was a mere guarantee; and the contract of a guarantee or surety, or other person only collaterally bound, though under seal, does not by operation of law, extinguish the debt of the principal. White v. Cuyler, 6 T. R. 176. The admission that the guarantee is only collaterally bound, implies that the principal still remains directly bound. Taylor's estate is certainly indebted to somebody. It was confessedly indebted to the bank; and, unless Thompson's bond was accepted as a discharge, or has been paid by Thompson, Taylor's estate is certainly not yet indebted to him, and must, therefore, continue indebted to the bank.
Judgment affirmed.

 New York edi. of 1820.

 Ingraham's edi. Boston, 1828.